# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KANSAS NATURAL RESOURCE
COALITION,

      *Plaintiff,*

vs.

U.S. DEPARTMENT OF THE INTERIOR;
RYAN ZINKE, in his official capacity as
Secretary of the Department of the Interior;
U.S. FISH AND WILDLIFE SERVICE; and
GREG SHEEHAN, in his official capacity as
Principal Deputy Director of the U.S. Fish
and Wildlife Service,

      *Defendants.*

Case No. 18-1114-EFM-GEB

## MEMORANDUM AND ORDER

Plaintiff Kansas Natural Resource Coalition ("KNRC") filed suit against four Defendants: the United States Department of the Interior; Ryan Zinke, Secretary of the Department of the Interior; the United States Fish and Wildlife Service; and Greg Sheehan, Principal Deputy Director of the Fish and Wildlife Service. Plaintiff claims that Defendants unreasonably delayed submitting to Congress a rule under the Congressional Review Act ("CRA"), 5 U.S.C. § 801, et seq., and Plaintiff asserts that this alleged failure affects its conservation plan for the lesser prairie chicken. Defendants filed a Motion to Dismiss (Doc. 17) asserting that (1) the CRA prohibits judicial review of this issue, (2) Plaintiff cannot establish Article III standing, and (3) Plaintiff's claim is barred

by the statute of limitations. Because the Court finds that judicial review is precluded, the Court grants Defendants' motion.

## I. Factual, Statutory, and Procedural Background

Plaintiff KNRC is an organization of county governments from western Kansas and Wichita that promotes local government participation in federal and state policy on conservation and natural resource issues. Defendant Department of the Interior is an agency responsible for administering the Endangered Species Act ("ESA") for nonmarine species. Defendant Zinke is Secretary of the Department of Interior and oversees the administration of the ESA. He is sued in his official capacity. Defendant Fish and Wildlife Service is an agency of the Department of Interior and has been delegated day-to-day administration of the ESA, including the listing of threatened and endangered nonmarine species. Defendant Sheehan is Principal Deputy Director and Acting Director of the Fish and Wildlife Service and oversees administration of the ESA. He is sued in his official capacity.

The ESA provides for the listing of endangered and threatened species and imposes federal regulations to address threats to those species. Endangered species are currently in danger of extinction throughout all or a significant portion of their range while threatened species are likely to become endangered within the foreseeable future. The Fish and Wildlife Service considers five factors when deciding whether a species should be listed. If a species is listed, several significant federal regulations then follow.

In 2003, the Fish and Wildlife Service developed and announced a Policy for Evaluating Conservation Efforts When Making Listing Decisions ("PECE"). This policy

> provides direction to Service personnel in determining how to consider a conservation agreement when making a decision on whether a species warrants listing under the [ESA]. It also provides information to the groups interested in

developing agreements or plans that would contribute to making it unnecessary for the Services to list a species under the [ESA].[1]

PECE establishes two criteria for evaluating state and private conservation plans and provides guidance on those factors.[2]

Congress enacted the CRA in 1996. The CRA requires agencies to submit new rules to Congress for review before they can go into effect. 5 U.S.C. § 801(a)(1)(A) states

> Before a rule can take effect, the Federal agency promulgating such rule shall submit to each House of the Congress and to the Comptroller General a report containing--(i) a copy of the rule; (ii) a concise general statement relating to the rule, including whether it is a major rule; and (iii) the proposed effective date of the rule.

Another provision of the CRA, 5 U.S.C. § 805, provides that "[n]o determination, finding, action, or omission under this chapter shall be subject to judicial review." Plaintiff alleges that PECE was not submitted to Congress as required by the CRA. The Fish and Wildlife Service has treated PECE as being in effect since 2003.

The lesser prairie chicken is a small species of grouse found in Kansas, Colorado, Oklahoma, Texas, and New Mexico. In 2012, the Fish and Wildlife Service proposed to list the species as threatened under the ESA. States, property owners, and conservation groups worked with the Western Association of Fish and Wildlife Agencies to develop and implement a range-wide conservation plan for the species. KNRC developed a Lesser Prairie Chicken Conservation, Management and Study Plan in 2013, to study and conserve the lesser prairie chicken, which its member counties have adopted.

---

[1] Policy for Evaluation of Conservation Efforts When Making Listing Decisions, 68 Fed. Reg. 15100-02, 15101, 2003 WL 1568842 (Mar. 28, 2003).

[2] *Id.*

In 2014, the Fish and Wildlife Service listed the lesser prairie chicken as a threatened species. Participants in the conservation plan challenged the listing of the species. In 2015, the District Court for the Western District of Texas struck down the listing.[3] The court found that the Fish and Wildlife Service did not properly follow its own rule, PECE, in conducting the analysis.[4] Thus, the court determined that it was appropriate to vacate the listing of the lesser prairie chicken as a threatened species. The Fish and Wildlife Service withdrew its listing.

Petitions to relist the lesser prairie chicken as a threatened species were subsequently filed. In 2016, the Fish and Wildlife Service began reviewing (and is currently reviewing) these petitions to determine whether listing of the lesser prairie chicken as a threatened species is warranted.

Plaintiff filed suit in this Court on April 10, 2018. In this action, Plaintiff claims that the Fish and Wildlife Service's treatment of PECE as lawfully in effect (despite failing to submit it to Congress) creates substantial regulatory uncertainty and litigation risk which undermines Plaintiff's conservation plan. Plaintiff requests a declaration that PECE was unlawfully withheld or unreasonably delayed from Congress. In addition, Plaintiff requests that the Court require the Fish and Wildlife Service to submit PECE to Congress.

Defendants filed a Motion to Dismiss arguing that (1) there is no judicial review on this issue, (2) Plaintiff lacks standing, and (3) the statute of limitations has run.

## II. Legal Standard

Defendants bring their motion pursuant to Fed. R. Civ. P. 12(b)(1) and (6). First, they assert that the Court lacks subject matter jurisdiction. Motions to dismiss for lack of subject matter

---

[3] *Permian Basin Petroleum Ass'n v. Dep't of Interior*, 127 F. Supp. 3d 700 (W.D. Tex. 2015).

[4] *Id.* at 707-24.

jurisdiction generally take one of two forms: (1) facial attacks, which question the sufficiency of the allegations in the complaint; or (2) factual attacks, which challenge the content of the allegations regarding subject matter jurisdiction.[5]

They also contend that Plaintiff fails to state a claim under which relief may be granted. The Court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.' "[6] A claim is facially plausible if the plaintiff pleads facts sufficient for the Court to reasonably infer that the defendant is liable for the alleged misconduct.[7] Under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[8] Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities.[9] If the allegations in the complaint are "so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.' "[10]

### III.    Analysis

Defendants assert three arguments as to why Plaintiff's Complaint should be dismissed. They state that (1) the CRA precludes judicial review of the issue, (2) Plaintiff lacks standing, and

---

[5] *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

[6] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[8] *Iqbal*, 556 U.S. at 678–79.

[9] *See id.* at 678.

[10] *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

(3) the statute of limitations bars Plaintiff's claim. The Court will only address Plaintiff's first argument.

In this case, Plaintiff claims that the Fish and Wildlife Service violated the CRA (5 U.S.C. § 805) by failing to submit PECE (a rule) to Congress and the Comptroller General when it issued it in 2003. Plaintiff does not actually take issue with PECE. Instead, Plaintiff is in favor of it and wants it submitted to Congress to apparently make it binding.

Defendants argue that § 805 is unambiguous and precludes judicial review. Defendants cite several cases to support their argument. Plaintiff agrees that the statutory language, read in isolation, could support Defendants' argument that judicial review is precluded. Plaintiff asserts, however, that other text, canons of statutory interpretation, and legislative history do not support this interpretation. Plaintiff also directs the Court's attention to several cases in which district courts considered a rule's effect under the CRA.[11]

Pursuant to 5 U.S.C. § 801(a)(1)(A), before a rule can take effect, a federal agency promulgating the new rule is required to submit to Congress and the Comptroller General (1) a copy of the rule, (2) a concise statement relating to the rule (including whether it is a major rule), and (3) the proposed effective date. After the agency does so, there is a timeframe in which Congress must act to disapprove of such rule with a joint resolution.[12] If Congress disapproves of the rule, the President may sign or veto the joint resolution.[13] If the joint resolution passes, the

---

[11] *See infra* note 39 and accompanying text.

[12] 5 U.S.C. § 802(a).

[13] 8 U.S.C. § 801(b)-(c).

-6-

rule "shall not take effect (or continue)."[14] Another provision of the CRA, 5 U.S.C. § 805, provides that "[n]o determination, finding, action, or omission under this chapter shall be subject to judicial review."

"The goal of statutory interpretation is to ascertain the congressional intent and give effect to the legislative will."[15] Generally, a court looks to the plain language of the statute and if the meaning is clear, the analysis ends.[16] Context also matters in determining whether a statute's meaning is plain or ambiguous.[17]

Section 805 states that no omission shall be subject to judicial review. By its plain language, § 805 prohibits judicial review of the Fish and Wildlife Service's omission of sending PECE to Congress. Nothing in the plain language of the statute indicates otherwise.

Indeed, several district courts and at least one circuit court have adopted this viewpoint.[18] In *Montanans for Multiple Use v. Barbouletos*,[19] the plaintiffs alleged that the United States Forest Service failed to submit its proposed management plan to Congress in violation of the CRA.[20] The District Court for the District of Columbia found that there was little case law interpreting § 805, but the case law available "support[ed] the plain reading of the statute" which precluded judicial

---

[14] 8 U.S.C. § 801(b)(1).

[15] *In re Taylor*, 899 F.3d 1126, 1129 (10th Cir. 2018) (quotation marks and citation omitted).

[16] *Coffey v. Freeport McMoran Copper & Gold*, 581 F.3d 1240, 1245 (10th Cir. 2009) (citation omitted).

[17] *Dalzell v. RP Steamboat Springs, LLC*, 781 F.3d 1201, 1207 (10th Cir. 2015).

[18] As will be noted below, the Tenth Circuit addressed the CRA in a footnote.

[19] 542 F. Supp. 2d 9 (D.D.C. 2008).

[20] *Id.* at 20 (referring to the CRA as the Small Business Regulatory Enforcement Fairness Act ("SMREFA"). The CRA was part of the SBREFA, and some courts refer to it as the SBREFA.

review.²¹ The court noted that the statute was unambiguous.²² The court disagreed with the plaintiffs' argument that if the court were to interpret § 805 as prohibiting judicial review that it would "impliedly repeal the grant of judicial authority under the APA to declare whether certain regulations are effective and in accordance with law."²³ Instead, the court determined that the statutory language unambiguously provided that "no determination, finding, action, or omission *under this chapter* shall be subject to judicial review."²⁴ The court concluded that "[t]he 'chapter' to which this provision refers is Chapter 8 [the CRA]." Thus, it found that it was "statutorily barred from reviewing defendants' alleged failure" to submit their plans and rules to Congress and dismissed the case for lack of subject matter jurisdiction.²⁵

The District of Columbia Circuit of Appeals affirmed the district court's decision.²⁶ In considering the CRA and the specific language of § 801(a)(1)(A) and § 805, the circuit concluded that § 805's language was unequivocal and "denies courts the power to void rules on the basis of agency noncompliance with the Act."²⁷ Thus, the circuit found that it precluded review of the claim.²⁸ Several other district courts concluded similarly.²⁹

---

²¹ *Id.*

²² *Id.*

²³ *Id.*

²⁴ *Id.* (quoting 5 U.S.C. § 805) (emphasis added).

²⁵ *Id.* at 20-21.

²⁶ *Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225 (D.C. Cir. 2009).

²⁷ *Id.* at 229.

²⁸ *Id.*

²⁹ *See United States v. Carlson*, 2013 WL 5125434, at *14-15 (D. Minn. 2013) (stating that § 805, and the great weight of case law, precludes review of an agency's failure to comply with the CRA); *Forsyth Mem'l Hosp. v. Sebelius*, 667 F. Supp. 2d 143, 150 (D.D.C. 2009) (noting that § 805 precludes judicial review); *In re Operation of the Missouri River Sys. Litig.*, 363 F. Supp. 2d 1145, 1173 (D. Minn. 2004) (finding that the Fish and Wildlife's

Furthermore, there is authority in the Tenth Circuit addressing the CRA. Although the statement may be dicta, the Tenth Circuit stated in a footnote that § 805 prohibits judicial review.[30] It noted that a party's reliance on the CRA was misplaced and stated that "[t]he [CRA] specifically precludes judicial review of an agency's compliance with its terms."[31] More recently, the D.C. Circuit Court of Appeals again found that the statutory language in § 805 forecloses judicial review of an agency's non-compliance with the act.[32]

Only two district court cases specifically have found that § 805 does not preclude relief when an agency fails to submit a rule to Congress under the CRA. In the first case, in an unpublished decision, the Southern District of Indiana found that § 805 did not preclude review of whether the EPA violated the CRA by failing to submit an agency rule to Congress.[33] That court concluded that § 805 was ambiguous because it was susceptible to two different meanings, one

---

designation of a critical habitat was not a major rule and that its determination was not subject to judicial review pursuant to § 805), *vacated on other grounds*, 421 F.3d 618 (8th Cir. 2015); *United States v. Am. Elect. Power Serv.*, 218 F. Supp. 2d 931, 949 (S.D. Ohio 2002) (determining that the plain language in § 805 was a jurisdictional bar to reviewing a claim that a rule was not in effect because it was not submitted to Congress pursuant to § 801(a)(1)(A)); *Tex. Sav. & Cmty. Bankers Ass'n v. Fed. Hous. Fin. Bd.*, 1998 WL 842181, *7 and n.15 (W.D. Tex. 1998) (finding that the language in § 805 "could not be plainer" and explicitly precluded the defendant's alleged omission from review).

[30] *See Via Christi Reg'l Med. Ctr. v. Leavitt*, 509 F.3d 1259, 1271 n.11 (10th Cir. 2007). The parties disagree over the importance of the Tenth Circuit's statement. Plaintiff even filed a Motion to Strike (with an accompanying 9-page memorandum) seeking to strike a paragraph from Defendants' response to Plaintiff's second notice of supplemental authority (Doc. 30). In Plaintiff's motion to strike, it contends that Defendants improperly and untimely try to raise the argument of the importance of the *Via Christi* footnote. Plaintiff also contends that Defendants previously abandoned their argument when they failed to address it in their reply brief. The Court disagrees. Defendants cited *Via Christi* to the Court in its Motion to Dismiss. The supplemental authority that Plaintiff provided to the Court makes note of the *Via Christi* decision, and Defendants are entitled to address it. Furthermore, the Court must consider Tenth Circuit opinions regardless of the parties' citations to them or the parties' beliefs on whether the statements are dicta.

[31] *Id.* (citing 5 U.S.C. § 805).

[32] *See Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 892 F.3d 332, 346 (D.C. Cir. 2018) (holding that § 805 prohibited judicial review and upholding the dismissal of allegations of procedural irregularities under the CRA).

[33] *United States v. S. Ind. Gas & Elec. Co.*, 2002 WL 31427523, at *6 (S.D. Ind. 2002).

being that "Congress only intended to preclude judicial review of *Congress*' own determinations, findings, actions, or omissions made under the CRA after a rule has been submitted to it for review."[34] It found that allowing agencies to evade review of their omissions "would be at odds with the purpose of the CRA, which was to provide a check on administrative agencies' power to set policies and essentially legislate without Congressional oversight."[35] Furthermore, it found that § 805's reference to "under this chapter" was only applicable to findings and determinations by Congress because agencies do not making findings and determinations under the chapter.[36] Thus, the court concluded that it had jurisdiction "to review whether an agency rule is in effect that should have been reported to Congress pursuant to the CRA."[37]

More recently, the United States District Court for the District of Idaho addressed the issue.[38] After considering the language in the statute, the district and circuit court opinions addressing the statute,[39] the legislative history, and policy concerns, the court ultimately found that

---

[34] *Id.* at *5 (emphasis added).

[35] *Id.*

[36] *Id.*

[37] *Id.* at *6.

[38] *Tugaw Ranches, LLC v. U.S. Dep't of the Interior*, --- F. Supp. 3d ---, 2019 WL 938865 (D. Idaho 2019).

[39] The court acknowledged the numerous district court and circuit court opinions finding that the statute's language was plain and unambiguous. Still, the court found that the analysis in these cases was lacking and did not provide clear guidance. *Id.* at *4-5. The court also noted several district and circuit court opinions finding that § 805 did not prohibit judicial review, including *Nat'l Res. Defense Council v. Abraham*, 355 F.3d 179, 201-02 (2d Cir. 2004) and *United States v. Reece*, 956 F. Supp. 2d 736, 743-46 (W.D. La. 2013). *Id.* at *5. This Court finds that the majority of the latter opinions that the District of Idaho cited to only peripherally addressed § 805 and did not specifically address the effect of the language in § 805 to its review of the issue in the case before it.

§ 805 was ambiguous and did not clearly prohibit judicial review.[40] Thus, it concluded that it had jurisdiction to hear the claims in the case.[41]

Although most of the above-cited decisions are not binding on this Court, the Court finds that the more persuasive authority is the line of cases holding that § 805 is unambiguous and precludes judicial review. Furthermore, there is a statement by the Tenth Circuit that § 805 prohibits judicial review of an agency's compliance with its terms.[42] Even if this statement is dicta, it is indicative of the stance that the Tenth Circuit would take if the issue was squarely before it. The Court finds it unnecessary to consider the legislative history because the statute is unambiguous.[43]

Accordingly, the Court finds that § 805 prohibits judicial review of the Fish and Wildlife's omission of submitting PECE to Congress. Thus, the Court dismisses Plaintiff's claim for lack of subject matter jurisdiction.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 30) is **DENIED**.

---

[40] *Id.* at *9.

[41] *Id.*

[42] *Via Christi Reg'l Med. Ctr.*, 509 F.3d at 1271 n.11 (stating that "[t]he [CRA] specifically precludes judicial review of an agency's compliance with its terms.").

[43] Here, there is no pre-enactment legislative history. Instead, there is only post-enactment legislative history (although it is dated approximately 20 days after enactment). The Court also notes that, in 2017, legislation was introduced to add an additional provision to § 805. If adopted, the statute would add a provision stating: "Notwithstanding subsection (a), a court may determine whether a Federal agency has completed the necessary requirements under this chapter for a rule to take effect." 2017 Cong US HR 26, 115th Cong., 1st Session (Jan. 5, 2017). The effect of this legislation would allow for judicial review of whether an agency followed the proper rule-making procedures (the action that Plaintiff complains about in this case). This proposed additional language reinforces that the current statutory language prohibits judicial review of agency actions. Otherwise, it would not be necessary to add. Congress, however, has not passed this legislation since it was proposed.

This case is closed.

**IT IS SO ORDERED**.

Dated this 8th day of April, 2019.

*[signature]*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE